UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN C. WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv-29-JMS-WGH |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Stephen C. Wood, a state prisoner, alleges that on May 26, 2012, he was assaulted by defendant offender Chauncey Cole. The attack occurred while Wood was in the therapeutic community program which he describes as a "safe environment." During the attack, Wood's jaw was broken which required two operations. Jason LePlante was the officer assigned to the 2-4 range of F-Unit but he was not on the unit at the time of the attack. Wood alleges that it took five to six minutes before the officers saw the attack and arrived to restrain offender Cole.

**I.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

## II.

"[I]n certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 198 (1989). "The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." *Id.* at 200. Thus, society must be prepared to pay a price in our society for depriving those convicted of crimes of their liberty. The conditions of confinement, at least as pertinent here, are constrained by the Eighth Amendment's proscription against the imposition of cruel and unusual punishments.[1] *Helling v. McKinney*, 113 S.Ct. 2475, 2480 (1993)("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). One aspect of this Eighth Amendment protection requires prison officials to "'take reasonable measures to guarantee the safety of the

---

[1] Any claim thought to be brought pursuant the Fourth or Fourteenth Amendment is **dismissed.** The specific constitutional right infringed in this case is the Eighth Amendment and Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005). The plaintiff is notified that the case law he references in his complaint which relates to a failure to protect claim brought by a non-prisoner under circumstances in which the Eighth Amendment did not apply is unrelated to the potential legal claims in this case.

2

inmates'" and to protect them from harm at the hands of others. *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Boyce v. Moore,* 314 F.3d 884, 891 (7th Cir. 2002). The "paradigm case of deliberate indifference" is one in which an officer witnesses an inmate assault but fails to intervene. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). A state inmate may vindicate the violation of this right by bringing an action pursuant 42 U.S.C. § 1983.

In this case, there is no allegation that any officer witnessed offender Cole's assault on Wood but failed to intervene. In addition, there is no allegation that Wood was incarcerated under conditions posing a "substantial risk of serious harm," or that a prison official displayed Adeliberate indifference@ to that risk. *Farmer v. Brennan,* 511 U.S. 825, 834 (1991). To the contrary, the complaint alleges that he was housed in a "safe environment."

The absence of a plausible basis for recovery under the Eighth Amendment compels the conclusion that the complaint fails to state a federal claim upon which relief can be granted. It takes more than proximity to wrongdoing to support liability in a civil rights action, *Hessel v. O'Hearn*, 977 F.2d 299, 305 (7th Cir. 1992), yet that is all Wood has suggested.

In addition, the complaint makes reference to state law claims, but the dismissal of the federal claim at this early point dictates the dismissal of any claim based on state law for lack of jurisdiction.

**III.**

Wood shall have **through March 5, 2013,** in which to either file an amended complaint correcting the deficiencies noted above or to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in*

3

*forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 02/12/2014

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

STEPHEN C. WOOD
970594
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838